**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DEBORAH J. SCHIERHOLT, :
: **Civil Action No.**
    Plaintiff, :
:
    v. : JUDGE:
: MAGISTRATE JUDGE:
NATIONWIDE MUTUAL INSURANCE :
COMPANY, :
:
    Defendant. : **COMPLAINT**

                                                                    **JURY DEMAND ENDORSED HEREON**

**I.     Preliminary Statement**

    1.     This action seeks monetary, declaratory, and equitable relief for the willful violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, committed when, due to Defendant's stereotypical views of age-related technological challenges and of older workers, it willfully rejected without just cause Plaintiff's application for a position for which she was well qualified and instead hired a less qualified significantly younger applicant.

**II.    Jurisdiction and Venue**

    2.     This Court has jurisdiction pursuant to the ADEA, 29 U.S.C. § 626(c) because Plaintiff timely filed a charge with the Equal Employment Opportunity Commission and received a Right to Sue Letter less than 90 days ago on May 13, 2022 and 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights).

    3.     Wages, salary, employment benefits, and other compensation denied or lost to Plaintiff because of Defendant's violation, and interest on those damages, may be awarded pursuant to the ADEA, 29 U.S.C. § 626(c).

4. Liquidated damages, equal to the sum of wages, salary, employment benefits, and other compensation denied or lost to Plaintiff plus interest, may be awarded pursuant to the ADEA, 29 U.S.C. § 626(b), incorporating by reference 29 U.S.C. § 216(b), because Defendant's violation of the ADEA was willful.

5. Declaratory, injunctive, and equitable relief, including reinstatement, are sought pursuant to the ADEA and 28 U.S.C. §§ 2201, 2202.

6. Costs and attorneys' fees may be awarded pursuant to the ADEA, 29 U.S.C. § 626(b) and Fed.R.Civ.P. 54.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and S.D. Civ.R. 82.1 because the claim arose in Franklin County, Ohio, where Plaintiff worked for Defendant at its headquarters.

### III. Parties

8. Plaintiff Deborah J. Schierholt, age 62, began work at Nationwide in 2009 and held the position of Executive Assistant for 11 years, most recently working in the Project Delivery Services Department. In August of 2020, the Department was eliminated in a reduction in force. Nationwide's policy allows for reduced employees to apply for other open positions. Although Plaintiff was qualified for the position to which she applied, a significantly younger, less qualified candidate was chosen.

9. Defendant Nationwide Mutual Insurance Company, ("Nationwide") is a Corporation for Profit registered and licensed to do business in Ohio. Nationwide is a leading provider of home, auto, and other insurance policies, employs more than 11,000 people in Ohio, and is headquartered in Franklin County, Ohio.

### IV. Facts

10. During the first 10 years of Plaintiff's employment with Nationwide, she performed her duties at a high level. Plaintiff routinely received very favorable performance evaluations and was not disciplined.

11. Plaintiff's department was eliminated on August 3, 2020. Pursuant to Nationwide policy stating that reduced employees could apply for open positions, Plaintiff applied for an Executive Assistant position posted for another department.

12. Minimum qualifications for the position included "typically, 6 or more years related administrative assistant/secretarial experience. Nationwide experience highly desirable". Plaintiff easily met all the qualifications for the position, and this would have been a lateral move for Plaintiff as she previously held the position of Executive Assistant.

13. Plaintiff was selected to interview for the position and was asked to submit copies of her last three years of performance evaluations. All the submitted evaluations had ratings of 5 out of 5. During her tenure at Nationwide, Plaintiff received either ratings of 5 or "exceeds expectations." Plaintiff also submitted several recommendations submitted by executives she had previously worked for at Nationwide.

14. Based on Plaintiff's resume, experience with Nationwide, and letters of recommendation she was one of the most highly qualified applicants for the position.

15. Plaintiff interviewed for the position with Jennifer Barnhart, Executive Administrator, and Tonya Blair from Human Resources, on October 1, 2020. Plaintiff answered the questions competently, and the interviewers appeared highly engaged during her interview.

16. Despite her tremendous experience, knowledge, job history, recommendations, and the strong performance in her interview, Plaintiff learned on October 22, 2020, that she was not selected for the position and that it had been given to Kelly Lewis, age 35, who had worked for

Nationwide in an entry level position for just over one year. Ms. Lewis had no prior experience as an assistant and, rather than a lateral transfer, was a promotion from Senior Administrative Assistant to Executive Assistant.

17. Plaintiff knew that Ms. Lewis had no background as an assistant as she was one of the employees who helped train Ms. Lewis when she began at Nationwide. Ms. Lewis' prior experience was in the restaurant industry, where she was a shift manager and a server/bartender.

18. Plaintiff learned that Ms. Lewis had been hired after Plaintiff and Defendant set her last day of employment and established a deadline for executing a severance agreement and release.  Despite the exercise of reasonable diligence, Plaintiff could not have learned of Ms. Lewis' hiring before Plaintiff and Defendant set her last day of employment or established a deadline for executing a severance agreement and release.

19. Defendant knew that Plaintiff could not have learned about Ms. Lewis being hired until approximately October 22, 2020.

20. Plaintiff was told by Human Resources Representative Blair that the reason she was not chosen for the position was because of her interview answer to a single specific question regarding a digital learning program. Ms. Blair told Plaintiff that "she would have liked to hear what result I hoped to get from focusing on the digital portion of the training."

21. Plaintiff's actual answer to the question was to say that Nationwide is a company that continually implements new technologies and, in the past, she has been considered what Nationwide calls a "change champion." This is someone who will do all they can to learn and teach others regarding the new technology and processes. Plaintiff indicated to Ms. Blair that she would be prepared to continue to be such a person in a new position.

4

22. Plaintiff was not hired for the position due to Nationwide's (a) willful and stereotypical views of older adults being technologically challenged and younger employees being preferred due to their presumed longevity in contrast to employees nearing Social Security or customary retirement age; and (b) its reckless disregard of her statutory rights.

23. As a result of having her application rejected, Plaintiff lost the compensation and benefits of the Executive Assistant position and, despite the exercise of reasonable diligence, has been unable to secure a position with comparable benefits.

V. **Cause of Action: Violation of the Age Discrimination in Employment Act**

24. Paragraphs 1 through 23 are incorporated herein as if fully set forth.

25. By rejecting Plaintiff's application because of her age, Defendant willfully violated the ADEA.

VI. **Prayer for Relief**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. declaration that Defendant has violated the ADEA;

B. equitable relief of instatement with expungement of her personnel file;

C. wages, salary, employment benefits, and other compensation denied or lost to her, exceeding $25,000, because of Defendant's violation;

D. liquidated damages in an amount equal to the sum of wages, salary, employment benefits, and other compensation denied or lost to her, plus prejudgment interest;

E. post judgment interest:

F. costs and attorneys' fees; and

G. such other relief as the Court deems fair and equitable.

Respectfully submitted