UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deborah J. Schierholt,

      Plaintiff,

v.

Nationwide Mutual Insurance Co.,

      Defendant.

Case No. 2:22-cv-3061

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

The Court previously ordered Defendant to file an unredacted version of the parties' release agreement (the "Agreement") on the docket or, in the alternative, move for leave to file the same under seal. ECF No. 21. Defendant has now moved for leave to file the Agreement under seal. ECF No. 25.

There is a "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). As the United States Court of Appeals for the Sixth Circuit has explained,

> [t]he burden of overcoming that presumption [of openness] is borne by the party that seeks to seal [the records]. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–10, 104 S. Ct. 819, 78 L.Ed. 2d 629 (1984).

*Shane Grp.*, 825 F.3d at 305.

Although not formally a "settlement agreement," the Agreement is similar to settlement agreements because it required Plaintiff to release certain claims in exchange for compensation. Thus, the caselaw on the propriety of sealing settlement agreements is instructive. The Sixth Circuit "has always recognized the need for, and the constitutionality of, secrecy in settlement proceedings." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). "[W]hile there is no recognized settlement-negotiations privilege per se, there is a policy interest in facilitating and encouraging settlements, an interest which is well-served by preserving the confidentiality of parties' communications during the mediation process." *Jackson v. Gen. Elec. Aviation*, No. 1:19-CV-629, 2020 WL 5290535, at *2 (S.D. Ohio Sept. 4, 2020) (internal quotation marks and citations omitted).

Here, sealing the Agreement is appropriate. As with settlement agreements, the parties have an interest in "maintaining the confidentiality of their [ ] discussions." *Id.* Further, the Agreement concerns only the parties and does not implicate matters of public concern. *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2016 WL 9403903, at *1 (S.D. Ohio Aug. 3, 2016) (granting a motion to seal a settlement agreement and observing that "the matter to which this exhibit relates—a private settlement of a private dispute involving private entities—does not involve issues of great public concern"). Finally, the request is narrowly tailored because Defendant is seeking

to seal only one five-page document, and a redacted version of the document is already on the public docket. *Id.* ("[T]he Renewed Motion to Seal is narrowly tailored to limit public access to only a single exhibit."). Accordingly, Defendant has overcome the strong presumption of openness and may file an unredacted version of the Agreement under seal.

For these reasons, Defendant's motion is **GRANTED**; Defendant may file an unredacted version of the Agreement under seal.

The Clerk shall terminate ECF No. 25.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**