UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deborah J Schierholt,

    Plaintiff,

v.

Nationwide Mutual Insurance Co.,

    Defendant.

Case No. 2:22-cv-3061

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Nationwide Mutual Insurance Co. ("Defendant") moves for judgment on the pleadings on Deborah J Schierholt's ("Plaintiff") claims. ECF No. 7. A threshold issue in this case may be whether Plaintiff's severance agreement (the "Agreement") waives her claims. That, in turn, may depend on whether Plaintiff signed the Agreement before or after she learned she was not hired for a different position (the "Position") with Defendant, the alleged adverse action in this case.

In her Complaint, Plaintiff alleges that she learned that she was not selected for the Position only after she signed the Agreement. Compl. ¶ 16, ECF No. 1. However, Defendant attaches a prior affidavit from Plaintiff to its motion to dismiss in which she avers that she learned she did not get the Position *before* signing the Agreement. ECF No. 7-2.

As a general rule, courts do not consider matters outside the pleadings when ruling on a motion under Rule 12. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto." (citation omitted)). This general rule is especially strong where a defendant submits evidence that contradicts the allegations in the Complaint. *Cox v. Bd. of Cnty. Comm'rs of Franklin Cnty.*, 436 F. Supp. 3d 1070, 1086 (S.D. Ohio 2020) (explaining that the court could not consider the defendant's evidence on a motion to dismiss where the "affidavits contain factual content which contradict the allegations of the Complaint").

Because Defendant's evidence contradicts the allegations in the Complaint, the usual course would be for the Court to disregard the same at this juncture. Here, however, that seems potentially inefficient. As explained, this very issue may well be dispositive in this case.

Pursuant to Federal Rules of Civil Procedure 12(d) and 56(f), the Court **NOTIFIES** the parties of its intent to treat Defendant's motion for judgment on the pleadings, ECF No. 7, as a motion for partial summary judgment as to only the date on which Plaintiff knew she did not get the Position. The Court will consider Defendant's motion under Rule 12(b)(6) in all other respects.

The Court *sua sponte* grants the parties an opportunity to supplement the record. If either party wishes to submit any additional evidence as to the date on which Plaintiff knew she did not get the Position, that party may submit such

evidence **within sixty days**. Such evidence may be accompanied by a supplemental brief, **not to exceed five pages**. No party shall submit evidence of any other issue, nor shall any party discuss other issues in any supplemental brief, including in any statement of facts.

Further, Defendant's motion to stay discovery, ECF No. 18, is **GRANTED IN PART** and **DENIED IN PART**. A decision to stay discovery pending resolution of a dispositive motion is within the Court's discretion. *See Kareem v. JPMorgan Chase Bank, N.A.*, No. 15-4387, 2016 WL 9405838, at *2 (6th Cir. Nov. 21, 2016) (noting that the district court has "discretion to stay discovery until questions that may dispose of the case . . . are determined" (internal citations omitted)). This Court is generally "not inclined to stay discovery while a motion to dismiss is pending unless certain special circumstances justify that action." *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009).

Here, the facts of this case warrant a brief stay of discovery. As explained above, the date on which Plaintiff knew she did not get the Position may be dispositive of this case. Moreover, Defendant has already submitted an affidavit *from Plaintiff* indicating that she knew she did not get the Position before she signed the Agreement, which may mean that she has waived the claims she asserts here. On these facts, a brief stay is appropriate. Accordingly, the Court **DIRECTS** the parties to conduct limited discovery into only the date on which Plaintiff learned she did not get the Position; all other discovery is **STAYED**

pending the resolution of Defendant's motion. *See Shanks*, 2009 WL 2132621, at *1 (explaining that a court "has broad discretion to limit the amount of discovery which occurs prior to a decision" on a pending motion).

The Clerk shall terminate ECF No. 18.

**IT IS SO ORDERED.**

_[signature]_

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**